## People v. Adams.

*District Court of Larimer County, March 20, 1901.*

BENNETT, J., delivered the opinion of the court.

The defendant in this case, by his counsel, having objected to the introduction of evidence, under the information in this case, I will take up the objections in the order in which they have been presented and argued by counsel.

The first objection is that the information does not charge upon the defendant any criminal intent in the commission of the offense alleged against him, in the information. The charge embodied in the information is in the language of the statute, and it is charged that the offense was committed wilfully and unlawfully, and I am of the opinion that this objection is not well taken and it is overruled.

The second objection is, that the information is defective in that it does not allege the date of the proclamation issued by the Governor of the State and mentioned in the information. This objection I regard as of a more serious character. While it may be true as urged by counsel, that when the proclamation was issued by the Governor of the State, (2 Mills Ann. St. § 4304,) it imparted notice to all the residents of the state and that the presumption would be, that the proclamation and the quarantine established thereunder,

would continue in force until further notice was given, or the time · fixed by the proclamation itself had expired, still persons other than residents of this state, could be prosecuted under this same law and the information is to be judged in this regard, by the general and established principles of the criminal law regulating criminal proceedure, which requires informations and indictments against persons charged with offenses against the law, to be definite and certain. And this information is defective in that it does not allege the date of the governor's proclamation and that the quarantine established thereby was still in force at the time of the alleged perpetration of the offense. And for this reason the objection of defendant will be sustained.

Defendant makes further objection, that the law upon which this information was based, is void, because the section of the law, providing a punishment for the violation of the act, is a subject not included in the title of the act, for the violation of which this prosecution is being had, claiming that the enactment of such a law was void and unconstitutional, under the provision of our state constitution which provides: "That no bill, except general appropriation bills shall be passed containing more than one subject which shall be clearly expressed in its title." And also that the act under which the defendant is being prosecuted, is void because of being in conflict with an act of congress upon the same subject.

*Nisi-prius* judges are ever reluctant, except in cases where necessity requires, to declare void or unconstitutional acts of the state's legislature, preferring to leave such decisions to the courts of last resort. One reason for this is that in the hurry of trial in lower courts the judge has not the time and opportunity to make that thorough research of authorities bearing upon the question that should be given to such important decisions. And secondly, that the varying minds of the *nisi prius* judges

may differ upon the validity of the same law and their decisions are not binding upon each other. But in as much as this matter has been so thoroughly and ably presented by the attorneys upon both sides in this case, I feel that it is my duty to give to them the impressions that I now have, as a result of these arguments and the considerations of the questions raised.

In regard to the first objection that the statute is void, because of the section being in conflict with the provision of the state constitution, to which I have referred, I am of the opinion that this section can be said to be fairly included within the general title of the act, and that in an act of this kind a section providing punishment for a violation of its provisions would always be looked for and especially in a case like this, where to strike out that section of the act, would entirely destroy its force and efficiency. This objection, therefore, in my judgment is not well taken.

As to the next objection that this section of the act is void, because of being in conflict with the acts of congress, upon the same subject, (Act of May 29, 1884, 23 Stat. 31,) I believe the law to be well settled, that where the general government assumes jurisdiction, by the enactment of laws by congress, regulating any branches of interstate commerce, that the laws of states that are in conflict with such enactments in force at the time of the passage of such laws by congress, are suspended and have no further force, and that laws, passed by the states after the passage of such acts by congress which are in conflict or irreconcilable therewith, are void. And in this case the congress of the United States, in 1884, passed an act to effectuate the very purpose that is sought to be effectuated by this act of our own legislature, in which the transportation of diseased domestic animals from one state or territory into another state or territory, throughout the United States was prohibited and have

provided the proper and necessary machinery, by making provision for the appointment and service of inspectors to enforce the provision of this law. And the question is not which is the best law, that of the state or that of the United States, but which has the superior jurisdiction. It can readily be seen that a government inspector might inspect domestic animals that are to be transported from one state to another, and given to the owner thereof a clean bill of health, while the inspector appointed under the state law might take a different view and there would arise a conflict of jurisdiction. And these acts being in conflict and irreconcilable with each other, in my judgment, as at present advised, the act of our own legislature would, under these principles of law be void.

As I say I do not determine this case upon these grounds. Having sustained the objection made by the defendant, upon other grounds as I have stated. Should it be determined upon this view alone, I would take further time for research and consideration, but these are my views as at present advised.